# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7917 | **DATE** | February 14, 2011 |
| **CASE TITLE** | *Holt v. Loyola University of Chicago* | | |

**DOCKET ENTRY TEXT:**

Loyola's motion to dismiss Ms. Holt's defamation count [40] is granted.

■[ For further details see text below.]

## STATEMENT

Plaintiff Danielle Holt originally filed this case without an attorney but is currently represented by retained counsel who filed an amended complaint on her behalf. Ms. Holt is African American and a former employee of Loyola University Chicago. The amended complaint includes a defamation count which is unnumbered but follows Counts I-III. According to Ms. Holt, "beginning on or about February 19, 2009," Carol Scheidenhelm (Ms. Holt's former supervisor) falsely told "others" either "verbally or in written form" that Ms. Holt "had plagiarized a rough draft of a work submitted to her from the Plaintiff." Amended Complaint at ¶¶ 48-53.

Loyola seeks to dismiss the defamation count, arguing that it is time barred and, in the alternative, that even if it is timely, it fails to state a claim. The court's consideration of Loyola's motion begins and ends with the statute of limitations. In Illinois, actions for defamation "shall be commenced within one year next after the cause of action accrued." 735 ILCS § 5/13-201. The amended complaint was filed on June 30, 2011. Ms. Holt concedes that she added a defamation count more than two years after February 19, 2009, when the alleged defamation began. She nevertheless contends that her defamation claim is timely based on the continuing violation doctrine, "whereby the statute of limitations on a tort that involves a continuing injury does not begin to run until the date of the last injury or last tortious act." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 435 (7th Cir. 2009).

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

Unfortunately for Ms. Holt, Illinois' continuing violation doctrine does not apply to defamation claims. *See id*. at 435-36; *see also Robinson v. Morgan Stanley*, No. 06 C 5158, 2008 WL 4874459, at *4 (N.D. Ill. Jun. 18, 2008) ("Unlike some torts, defamation is not a cumulative harm. Rather, each distinct act of publication produces a separate cause of action"); *Poth v. Paschen Contractors, Inc.*, No. 85 C 8499, 1987 WL 14604, at *3 (N.D. Ill. Jul. 20, 1987) ("quite clearly, the continuing violation theory has no application to defamation where each publication of a statement constitutes a separate cause of action"). Thus, any claim based on defamation occurring prior to one year before June 30, 2011 (the date that she filed the amended complaint) is time barred.

This conclusion is not altered by the arguments made by Ms. Holt in her response to the motion to dismiss. Specifically, Ms. Holt:

> alleges (by information and belief) that the Defendant published the defamatory material to those in the academic community (Plt. Am. Comp. ¶52), thereby publishing the false allegations afresh to others, possibly each prospective employer of the plaintiff when plaintiff applied for employment with them. In such a situation, there would be a new publication and a new injury starting the limitations period from the time of that incident. Moreover, the Plaintiff would not have any inkling what was being communicated between the Defendant and any potential employers of the Plaintiff, much less any defamatory statements regarding accusations of plagiarism. This information, however, would not have be known to the Plaintiff, but is well within the knowledge and control of the Defendant.

Response at 7-8. She also asserts that, "Illinois courts have also recognized the 'discovery rule' allowing for the limitations period in a defamation case to be extended, for the sake of justice and to further the purpose of limitations periods, to the date upon which the plaintiff knew or should have known of the existence of the defamatory publication." *Id*. at 8.

There are two problems with this position. First, Ms. Holt cannot amend her complaint via her response to the motion to dismiss to add additional factual allegations. *See, e.g., Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (a party may not amend its complaint through arguments made in opposition to a motion to dismiss). Second, in any event, Ms. Holt has pleaded herself out of court with respect to her defamation claim as she has conceded that she does "not have any inkling" about allegedly defamatory communications that took place within the limitations period and asks the court to apply a discovery rule to allow her to litigate any allegedly defamatory communications she might later uncover. Accordingly, the court agrees with Loyola that the defamation count must be dismissed as time-barred. This means Loyola's motion is granted, and the court need not consider the parties' remaining arguments.