Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7917 | **DATE** | May 31, 2012 |
| **CASE TITLE** | *Holt v. Loyola* | | |

**DOCKET ENTRY TEXT:**

Despite being warned that any further failure to appear before this court or the magistrate judge for a scheduled hearing would lead to the issuance of an order dismissing this action, plaintiff Danielle Holt did not appear at a hearing today on a motion noticed before the magistrate judge. Accordingly, for the reasons stated below, this case is dismissed and all pending motions are stricken.

■[ For further details see text below.]

## STATEMENT

Plaintiff Danielle Holt filed a pro se employment discrimination complaint in December of 2010. Ms. Holt retained counsel, and the court referred this case to the magistrate judge for discovery supervision, resolution of non-dispositive motions, and settlement discussions.

In November of 2011, the defendant attempted to depose Ms. Holt. According to defendant's counsel, Ms. Holt and her attorney became involved in a lengthy argument in the reception area of counsel's office just as the deposition was about to start and Ms. Holt's counsel decided not to proceed with the deposition. Dkt. 87. In addition, the parties participated in settlement discussions that were not fruitful as Ms. Holt exercised her right to continue with her case and reject the defendant's offers. On February 16, 2012, the magistrate judge noted that neither Ms. Holt nor her counsel appeared for a status hearing. Dkt. 70. Ultimately, on March 8, 2012, the magistrate judge allowed Ms. Holt's counsel to withdraw due to a breakdown in the attorney-client relationship and explained to Ms. Holt that she was required to personally appear at the next status hearing set for April 12, 2012. During the March 8th hearing, Ms. Holt again rejected the settlement offer presented to her by the defendants.

On March 14, 2012, the court entered an order advising Ms. Holt that "failure to appear before this court or Magistrate Judge Valdez for any scheduled hearings will result in an order dismissing this case for

(continued)

| | Courtroom Deputy Initials: | JC/c |
|---|---|---|

**STATEMENT**

want of prosecution." Dkt. 73. On March 20, 2012, the magistrate judge granted Ms. Holt's telephonic request to reset the April 12, 2012, status hearing to April 26, 2012, and ordered her to appear at that hearing. Dkt. 74.

On April 2, 2012, the court entered an order stating:

> Ms. Holt sent the court a packet of materials, including a vehicle inspection report, vehicle registration, tax documents, and a water bill. She has also left a series of voicemail messages for the court's clerk. The clerk is directed to redact Ms. Holt's social security number throughout and file the documents. Ms. Holt appears to be renewing her request for appointment of counsel. The court declines to revisit its prior orders declining to appoint counsel for Ms. Holt. Ms. Holt is reminded that the Clerk's Office has a Pro Se Assistance Program which operates by appointment and in-person only. Appointments are made at the Clerk's Office Intake Desk on the 20th Floor or by calling (312) 435-5691. Ms. Holt is further reminded that discussions about her car, hot water heater, alleged break-ins to her home, and personal matters are not germane to the proceedings before the court. She is directed to refrain from calling the clerk about these matters.

Dkt. 75. The court notes that the genesis of this order was the fact that Ms. Holt's practice was to call its clerk and the magistrate judge's clerk repeatedly. In conversations and lengthy voicemail messages, she attempted to discuss personal matters (*e.g.*, an alleged conspiracy coordinated by her family which led to the theft of her hot water heater from her home) that purportedly prevented her from complying with dates set by the court or attending status hearings. Following the April 2d order, Ms. Holt did not desist from calling chambers although the court's clerk consistently advised Ms. Holt to communicate with the court via written filings served on counsel for the defendant.

In April of 2012, the magistrate judge attempted to assist the parties in scheduling Ms. Holt's deposition. In light of the case's procedural posture, once the parties agreed to a date, the magistrate judge specifically ordered Ms. Holt to appear. On May 22, 2012, the defendant filed a motion for sanctions based on Ms. Holt's failure to appear at her deposition. It subsequently amended the motion. Both motions were noticed for presentment before the magistrate judge on May 31, 2012. Ms. Holt failed to appear although, as noted by the magistrate judge, she received notice of the May 31st hearing and "acknowledge[d] receipt of this notice through her numerous phone calls to opposing counsel and this Court." Dkt. 91. This court has reviewed the motions and the attached documents – including communications from Ms. Holt – and finds that Ms. Holt knew about the deposition and the May 31st hearing and chose not to appear.

This court and the magistrate judge have construed all of Ms. Holt's filings liberally and afforded her considerable latitude in litigating this case, due to her pro se status. Nevertheless, all litigants – whether pro se or represented – ultimately must abide by orders governing the progress of a case as well as the Federal Rules of Civil Procedure. The court need not address whether dismissal is warranted as a sanction based on the failure to appear, as it specifically warned Ms. Holt that any further failure to appear at a hearing before this court or the magistrate judge would result in an order dismissing this case for want of prosecution. Ms. Holt failed to heed that warning and, unfortunately, appeared to believe that she could litigate this case however she wished.

(continued)

## STATEMENT

The Federal Rules of Civil Procedure authorize, under certain circumstances, the "draconian" and ultimate sanction of dismissal as a sanction for a party's litigation conduct. *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223–24 (7th Cir. 1992). The ability to dismiss based on the failure to comply with court orders "serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior." *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted). It also "is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.*; *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (inherent powers authorized court to dismiss with prejudice a case for want of prosecution).

In considering whether to dismiss based on the failure to comply with court orders and abuse of the litigation process, the court must "consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). Here, Ms. Holt has repeatedly failed to comply with orders and instructions from the court regarding the proper way to proceed. She was advised that any failure to appear would lead to the dismissal of her case, but nevertheless continued to follow her own schedule. Moreover, the case's impact on the court and its staff cannot be denied. For example, on one day alone, the court was forced to ask its IT staff to copy almost an hour total of multiple messages onto an external drive as they were filling the chambers voicemail. The defendant has suffered prejudice, including the two thwarted attempts to depose Ms. Holt, as it has incurred legal expenses for work that would not have been necessary had Ms. Holt followed the rules and court orders. The case's procedural posture does not allow the court to opine on the merits of this case. However, Ms. Holt has been given multiple chances to follow the rules that govern all litigants. The court appreciates that she is upset and believes that her personal issues are properly before the court and excuse her noncompliance. At a certain point, though, enough is enough. Ms. Holt is responsible for her decisions, was advised of the consequences of her actions, and was not dissuaded. Finally, the court finds that dismissal of this action would not harm any societal interests and, in fact, will promote adherence to the rules and enhance the ability of other litigants before the court to obtain a speedy resolution of their disputes.

Accordingly, the court finds, in an exercise of its discretion, that Ms. Holt was warned about the consequences of her failure to appear and knew about the most recent court date scheduled for the defendant's sanctions motions. She nevertheless continued her practice of litigating this matter according to her own priorities and thus did not appear. The court, the defendant, the defendant's counsel, and all of the other litigants in the queue before this court are all entitled to more. Therefore, based on a clear pattern of delay and contumacious conduct, this case is dismissed and all pending motions are stricken.

**STATEMENT**