Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7917 | **DATE** | July 3, 2012 |
| **CASE TITLE** | *Holt v. Loyola* | | |

**DOCKET ENTRY TEXT:**

The court notes that Ms. Holt recently filed a notice of appeal. The court nevertheless may consider her motions to reconsider. Fed. R. App. P. 4(a)(4). Ms. Holt's motion "to vacate May 31, 2012 and June 4, 2012 Decision of Sanction against Defendant, Apology to the Court and Request to Initiate Appeals Process in the Event Plaintiffs' Request for Motion to Vacate is Denied" [96] and her motion "to reconsider decision of Sanction and Sanction against Defendant regarding the Resetting of the Dates of Deposition and Failure to Adequately Facilitate Initial Depositions Date" [98] are before the court. For the reasons set forth below, the motions to reconsider the dismissal of this action are denied.

■[ For further details see text below.]

# STATEMENT

On May 31, 2012, the court dismissed this pro se employment case based on its determination that Ms. Holt had engaged in a "clear pattern of delay and contumacious conduct." On June 4, 2012, based on a series of emails received by judges and staff over the weekend, the court barred Ms. Holt from sending emails and faxes to the court and its staff or communicating with the chambers of this court or the magistrate judge via phone.

On June 21, 2012, Ms. Holt filed two motions to reconsider. Construed liberally, Ms. Holt contends that counsel for Loyola is to blame for her failure to be deposed last Fall. According to Loyola's counsel, the deposition did not proceed because Ms. Holt and her attorney got into a lengthy argument in his firm's reception area and the attorney decided not to proceed with the deposition. Ms. Holt asserts that "Mr. Rubenstein as facilitator did not agree to plaintiffs [sic] request [to proceed with the deposition], nor formally inquire as to whether or not plaintiff would like to proceed without the assistance of an Attorney, which as facilitator, Mr. Rubenstein could have done." Dkt. 98 at 1. The court will not delve into the merits of Ms. Holt's interpretation of the ethical rules governing counsel. Suffice it to say that the deposition did not occur and the first aborted deposition was only one link in a chain of events that led to the dismissal of this case. Litigants are all bound by the rules, whether they are represented by counsel or not. The fact that by the end

(continued)

| | Courtroom Deputy Initials: | JC/c |
|---|---|---|

| STATEMENT |
|---|

of May of 2012, Ms. Holt's deposition still had not occurred demonstrates the problems that plagued this case due to Ms. Holt's focus on her personal issues (as discussed in detail in prior orders), as opposed to orders from this court and the magistrate judge, as well as the rules.

Ms. Holt next claims that it is unfair:

> [t]o have this case thrown out on a technicality of the Plaintiff being unable to appear at dates because of hardship, when the rationale of the hardship is in fact the basis of the filing of the case leads to Plaintiff to believe the Defendant is in fact using the hardship caused by the Defendant to subsequently be the source of the removal of the case from the docket, a move of which the Plaintiff is opposed given neither the termination process nor events leading up to the termination process considering Higher Education policy and procedure nor Title IX relevant factors were acknowledged or supported by Defendants [sic], e.g., Human Resources took the supervisors [sic] words at face value because of her degree and dismissed plaintiff without hesitation or question when in fact the root of all of the supervisor's lectures and workshops throughout the nation, inclusive of the City of Chicago, was to "freely share information and common knowledge", especially regarding blackboard documentation.

Dkt. 68 at 2. This passage further supports the severe sanction of dismissal. The case was not "thrown out on a technicality." It was dismissed after a clear warning that another failure to appear before either this court or the magistrate judge would lead to an order dismissing the case. Ms. Holt has demonstrated beyond a shadow of a doubt that she is able to file motions and advise the court ahead of time if a date is inconvenient. If she could not attend a court hearing, she could and should have sought to reschedule, as opposed to simply failing to appear. As the plaintiff, Ms. Holt has certain obligations and responsibilities. The court appreciates that she believes that the defendant wronged her. Nevertheless, this belief does not absolve her from complying with the court's directives.

Ms. Holt's second motion to reconsider again appears to take issue with the court's findings regarding her failure to appear for her deposition in the Fall of 2011 and May of 2012. She states that her "absence was not a result of choosing not to appear but rather an undue hardship resulting from initial termination charge of plagiarism of a rough draft in an email by a superior who possessed PhD in English and was a non-person of color, was partial to Plaintiff's non-person of color department colleague on allowances and affordances in terms of arrivals, absences' [sic], admonishments and was allowed to maintain her position whereas the Plaintiff was relieved of her position and not requested to return given a decision rendered by the *State of Illinois Department of Security*." Dkt. 98 at 2 (emphasis in original). Ms. Holt appears to be contending that because her underlying claim of employment discrimination is meritorious, she suffered "undue hardship" that excuses her failure to appear at her deposition. This is incorrect. As Ms. Holt has been advised time and time again, all litigants must abide by the same procedural rules that apply in all civil cases. A litigant's belief regarding the merits of her case is irrelevant when making critical decisions, such as whether to comply with a deposition subpoena.

The court also rejects Ms. Holt's argument that Loyola's counsel used the "hardship of the Plaintiff" against her. *Id*. Ms. Holt's present situation is of her own making. Finally, the court appreciates Ms. Holt's apology and statement that she did not intentionally engage in improper litigation conduct. Nevertheless, Ms. Holt choose to take the court's admonishments seriously only after this case was dismissed.

(continued)

## STATEMENT

As previously noted, pro se litigants are bound by the same rules applicable to counseled litigants and must abide by the same rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (pro se litigants are not "excused from compliance with procedural rules"). Moreover, civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285,288 (7th Cir. 1995). This court and the magistrate judge are both very familiar with this case. The decision to refrain from appointing counsel was made after considering, among other things, the relationship that Ms. Holt had with her original retained counsel. Thus, the fact that Ms. Holt did not have counsel through the entire pendency of this case does not excuse her delicts.

Ultimately, Ms. Holt's motions to reconsider must be viewed through the lens of Rule 59 as she asks the court to set aside the dismissal order. *See* Fed. R. Civ. Pro. 59. Rule 59(e) does not permit a party to rehash previously raised arguments. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Similarly, it does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, "[t]he only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *see also Hicks v. Midwest Transit, Inc.*, 531 F.3d 467 (7th Cir. 2008). Whether to grant a Rule 59 motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

This court and Magistrate Judge Valdez gave Ms. Holt considerable latitude in litigating her case in light of her pro se status. The dismissal order appears to have been the impetus for Ms. Holt to take the various warnings given in this case to heart. The court finds, in an exercise of its discretion and based on its intimate familiarity with the course of the litigation, that Ms. Holt's promise that things will be different if the court reinstates the case is simply too little, too late. As the court previously discussed, dismissal is a severe sanction, but can be warranted in specific situations. This is one such situation. Accordingly, Ms. Holt's motions to reconsider the order dismissing this case are denied.